Wednesday, March 30. The Judges delivered their opinions.
Judge Tucker.
Nelson, who was at that time a resident of Richmond, purchased of Matthews a tract of land in Augusta County, said by him to contain 572 acres, which he held by deed ; with a valuable mill and other improvements thereon, together with two surveys adjoining the former tract, the quantity not known at the time of the bargain, but supposed to contain about 200 acres. A deficiency in all three of these tracts being suggested by Nelson, who brought a bill in Chancery to be relieved from a judgment obtained on one of the bonds given by him for the purchase-money, the Chancellor directed a survey ; and also an estimate of the value of the two small surveys, as connected with, and as an appendage to the larger tract on the day of the bargain, and also on the day the money became due upon the bond. The commissioners made a special report, by which it appeared that the larger tract contained only 544 acres, and that the conveyance for the same from R. Lockart to Sampson and George Matthews *176 was for 552 acres only ; that one of the small surveys for 44 acres was entirely lost ; and that 51 acres of the other small survey, were in fact comprehended within the lines of the large tract i they then report the average value of each parcel on the days before mentioned ; together with their opinion as to the relative value of the small tracts as an appendage to the large one. The Chancellor pronounced a decree that Nelson was entitled to a discount for 20 acres, the difference between the quantity expressed in Lockarfs deed to Matthews, and in that of Matthews to Nelson ; but not for the deficiency of eight, such deficiency not being more than a purchaser in gross might reasonably expect ; and that the plaintiff was further entitled to a discount for the value of the 44 acres, and 51 acres which ought to be fixt according to the value at the time of the contract, and not at any subsequent period. And according to their real, and not their relative value; with some farther discounts not contested in this Court.
If the quantity in each separate tract had been exactly that which the parties supposed at the time of the contract, and the real value of each tract respectively had at that time corresponded with the valuation by the commissioners, the appellant would have got 572 acres, of the value of 6 dollars and 75 cents each ; 44 acres of the value of 4 dollars, and 156 acres, of the value of 2 dollars and 25 cents each, amounting in the whole to 4,388 dollars and 50 cents, the average value of which would be 5 dollars and 68 cents and nearly one half a cent; at which rate I conceive the complainant ought to be allowed a deduction upon 115 acres, the quantity deficient, and with this amendment, I think the decree ought to be affirmed, in the same manner as was done in the case of Pendleton v. Vandevier.(a)
It may not be amiss to add, that there appeal's to have been no actual specification made at the time of the contract, of the quality, or separate value of these several parcels of land, by the seller to the buyer.' They were repre *177 rented as adjoining each other, and Nelson probably thought, the quality of all three the same in general. Upon these grounds I think the average value of the whole, as estimated by the commissioners taken together, is the proper rate at which the allowance for the deficiency ought to be made; that deficiency arising in part from the interlocking of the smaller tracts with the larger, as well as from a want of quantity within the actual boundaries of the lands. If indeed there had been the full quantity of the land in each tract, and Nelson had been evicted of a part of it by a title superior to that of Matthews, the proper estimate of his damages would have beeti according to the actual value of the land recovered; for then it might have been precisely known: but it is impossible, in the present case, to ascertain the value of the deficiency in quantity otherwise than by reference to the average value of the whole.
I concur also in thinking the Chancellor perfectly right in fixing the value of the deficiency, at the time of the contract. Whereas, if the money had been paid, and then tha purchaser had been evicted by a superior title, I should have thought the value ought to have been fixed, as it-might have been at the time of the eviction.
Judge Roane.
The decree of the Chancellor is right so far as it considers the actual value of the lost land, and the time of the purchase, as affording the proper standard for estimating the compensation in this case. If the question of compensation were now submitted to a Jury on ah issue of quantum damnifeatus, the actual value would alone be regarded, and not the value which may have been set upon the land by the purchaser, or the price lie agreed to give for it. So with respect to the time, the date of the purchsj.se gives the rule: the loss existed from that time, -and the value of that loss with interest gives the true measure of compensation ¡ unless indeed there were such spe *178 cial circumstances in the case, as Would make it proper to depart from that criterion.
I differ, however, from the Chancellor, in supposing that the average value of the land lost in the several tracts, taken separately, gives the rule. For any thing known to its, the lands in question, although contained in three tracts, Were considered as one tract, and purchased in gross. This is the more probable, because,- as they adjoin, they in truth do form but one tract. Their being held by separate rights makes no difference. I cannot differ this case, then, from the general case of the purchase of a tract of land, in which a deficiency is found to exist, and in which the-average value of the whole tract gives the rule.
There may be circumstances in which this general rule Ought to be departed from, and in which the loss Ought to be considered in a relative point of view. This {in the opinion of the commissioners') is one of those cases; but from the plaintiff’s own shewing it is not such a case. He does not State that the lost land, now in question, formed a particular inducement with him to make the purchase; on the contrary, he says, “ that he had never viewed the land, but relied on the information of Matthews as to quantity and boundaries A He does not even say that he asked or received any information as to quality and description. Not having asked this, he submits, in case of deficiency, to Stand upon the general ground. That ground is a safe one, inasmuch as it gives the average value of an article purchased in gross; whereas, when we inquire into the relative value, we enter into a very extensive field, where much is left to opinion, and in which there are no certain data to go by. I am far from saying, however, that that standard is -in no instance to be resorted to. I only say, that,- in this case, I see no reason to depart from the general principle. X am therefore of opinion to reform the decree by resorting to the average value per acre of the whole land purchased, and to affirm it for the residue.
*179 J adgc Fleming.
Two important questions seem to ■arise in this'case : 1st. Whether the compensation to be made for the deiiciencv in the quantity of land, be accord-mg to the value m the year 1785, when the contract was made, or according to the value in the year 1798, when the commissioners made their first estimate: and, 2dly, Whether such compensation be according to the real op relative value of the lands lost to the purchaser?
With respect to the first point, I have no difficulty in saying, that I think it ought to be according to the value in February, 1785, the time of the original contract, and not at any subsequent day; because the compensation ought to be in proportion to the price given for the land.
The second point seems to be attended with more difficulty, and I was at first inclined to think that there ought to be a liberal allowance for the 44 acres of timbered land adjoining the large tract, on the north-west, stated by the commissioners on their first view, to have been worth four dollars per acre in the month of February, 1785, (the time of the contract,) and which was totally lost to the purchaser; but, on conferring with the other Judges, andón more mature reflection on the subject, — it appearing from the record that the appellant contracted for 772 acres, in the whole, for the gross sum of 3,000/. without noticing any improvements on the old tract, or any peculiar advantage to be derived from any particular part of the purchase ; -and it not appearing that the 44 acres of timbered land was any inducement to die contract; of which it is probable Nelson was totally ignorant at the time, as the contract was made in Richmond; the most equitable way of doing justice between the parties seems to be to average the deficiency of 115 acres, at 5 dollars and 68 cents per acre, being the average value per acre of the whole land contracted for; which will give 1 dollar and 68 cents per acre for the 44 acres, and 3 dollars and 43 cents per acre for the 71 acres deficient in the survey adjoining the old tract on the south-east, more than they are stated by the *180 commissioners in their first report to hare been worth in Februanu 1735; making in the whole an allowance for deJ} ° , ficiencj-, of the sum of 648 dollars and 7 cents, which is 205 dollars 63 cents more than was allowed by the decree ; with interest at 5 per cent, per annum to the first of April, amounts to-402 dollars 18 cents. I am of opinion that the decree ought to be reversed, so far as it respects the compensation for the deficiency in the land contracted fb?, and reformed according to the principles of the decree which has been agreed upon in conference.
The following was entered as the decree of the Court:
46 This .day came the parties by their counsel, and the. i4 Court having maturely considered the transcript of the 44 record of the decree aforesaid, and the arguments of 44 counsel, is of opinion, that the said decree is erroneous Í4' in this, that it allows only the sum of four hundred and 44 forty-four dollars and forty-four cents, with interest 44 thereon from the first day of October, 1788, as a coinpe.nsation for the deficiency of pne hundred and fifteen acres “ in the land contracted for by and between the said parties “ on the eleventh day of February, 1785, but that there is 44 no other error in the said decree. Therefore it is de44 creed, and ordered, that so much thereof as is above, 4i stated tq be erroneous be reversed and annulled, and if that the residue thereof be affirmed, and that the appel- “ lees pay to .the appellant his costs by him expended in ?4 the prosecution of his appeal, aforesaid here. And this 44 Court proceeding to make such decree in, lien pf that “ part of the decree aforesaid before reversed, as the said 44 Court of Chancery should have pronounced, It is adjudged, ordered, and decreed, that the injunction oh-44 tained by the appellant to stay execution pf a judgment 44 recovered against him by the appellee Matthews in the 44 District Court hplden at Staunton, be made perpetual for “ six hundred and forty-eight dollars and seven, cents.. *181 “ being the compensation for the deficiency of one hun- “ dred and fifteen acres in the land contracted for by the “ said appellant with the said appellee Matthews, at five “ dollars and sixty-eight cents per acre, being the average “ value of the whole seven hundred and seventy-two acres “ contracted for by and between the said parties; and also “ for interest on the same at the rate of five per centum “ per annum, from the first day of October, 1788, the time “ when the appellant’s bond on which the judgment has “ been obtained, became due.”

 1 Wash. 389.