*345 January 30th, 1817,
Judge Hoang
pronounced the Court’s opinion.
The Court is of opinion that, as it does not clearly appear, from any final and conclusive agreement, between the Appellant and the Testator Peter Lyons, among the proceedings, that it was the intention of the said parties to buy and sell the Land, the subject of the present controversy, by the trad, and not by the acre, there is no error in ao much of the Decree before us, as holds the represematives of the said Peter Jjyons responsible for the average value of the surplus Land, found to be contained in the Tract.
The Court is farther of opinion that, as the Appellee has gone into a Court of Equity for a specific performance of the Contract, which was probably only delayed from the misunderstanding of the parties and other causes, that Contract should have been decreed to have been executed in specie, by causing the Appellant to make a Deed for the whole Land to the Appellee for his life, with remainder to his son Peter leyons in fee, on his receiving from the Appellee, or from the proper representatives of the said Peter Lyons, (who for that purpose ought, if necessary, to have been made parties,) the sums yet remaining due undex the Contract, including, as part thereof, the average amount of the surplus Land aforesaid, with Interest, from the expiration of eighteen months from the date of the Contract, upon one third part thereof; with Interest, on another third, from the expiration of twelve months thereafter; and Interest, on the remaining third, from the expiration of twelve months from the said last mentioned day; and reserving to the Appellant a lien on the said Land, to secure the payment thereof, if necessary ; and that the Appellant on his part should have been decreed to pay the profits of the said Land, after the date of the Contract, whether derived from his own occupancy thereof, or received by him from others, and including the part held by his mother, after the period of her death; and that the Appellee should have had liberty reserved to him to use the name of the Appellant, if necessary, to recover any sums due from George Toombs for the use of a part of the Laud aforesaid.
The Court is therefore of opinion, and accordingly decrees, that so much of the said Decree, a?, m hereby approved be af *346 firmed; and that so much, as conflicts herewith be reversed with Costs; and the cause is remanded to the Court of Chancery to be finally proceeded in pursuant to the principles of this Decree.