Opiniow of tiie Court.
IN 1803 Taylor sold to Alloway a tract of land of 400 acres, at the price of $4,000; gave his obligation to Alloway, to convey the same, and took Alloway’s obligation for the payment of the price in 1810, with an annual interest from the month of March next after the date of the bond. Alloway sold a part of the tract, and ■ gave his obligation to convey to the purchasers when they paid the, price, being $1,374. Alloway after-wards died, and Taylor received from the purchasers of Alloway the price they had agreed to pay for the part sold to them by Alloway, and conveyed the same to them. Taylor had also received from Alloway and his representatives sundry other partial payments; but there still remained a large balance due to him, and for the purpose of subjecting the rest of the tract of land not sold by Alloway, to the payment of the bah anee of the price remaining unpaid, he filed his bill in chancery against Alloway’s heirs and administrator. *217 The bill was answered by some of the- d efendants, and ajeen fgr confessed against Jhe osiers-; and on a final aring tfiercircuit court dismissed the biH without prejudic^t&’a suit'fit common law. To that decree Taylor pro^ec?U^et this writ of error.
* Wq,are quite at a loss to perceive any principle upon which |he decree of the circuit court ca<n be sustained. It is perfectly clear, that/Taylor has alien upon the land for the, purchase money. This would have been the.,casé, if even he- had conveyed the legal title, having ta¡ken no collateral or personal security for the payment of the price; but as he still retains'the legal title, his Éen NdotSbly strong, and he has a right to the; aid <|F;a«cpurtpf equity,Ano|»oniy to'enforce his lien, but for the,¡p,u|^ose,. of^a spqjpific .execution of the' contract. Wé oan; therefore, see no %ohsíjffe pretext for turning himj|kúnd ti> láfchupt of%iw^4psthe-©iSCnl?t court tMd'By its- orcr£Xs. It was sugg‘és,te¿ at the bar,, that the cir-cui^fturt.had done so .«upon,'}..the ground tha‘t T,aa|c>r had eggyeiped the part sold bjp.^.lloway to, the purclas-ers fro^-.ten. B„ut'that was doing by Taylor ^ly what Airway .Vas bound to do, and Cbuld not operate to the ptiejudicg^of AÉgy/ay’s representatives; &r it not i^teiided, feat tn^pH^h^e from Alio way was-neft-• fair,’ or that it was in hny respebtsivch aS could not'have been •enfesfped^ajjainst the.heirs^qf AMpway. Taylor, then, havingi’do^-for them wháff.iñdeeti; they could not hajre'Compel?hduhim to do, but What they were in equity bound that he should do, certainly capnotdlieü'eby,have forfeited his right to the. aid of a court'of equity. ^
The. decree of the circuit contó must be reversed with costs, and the cause be se^i%nded3 .that á dehree may be entered subjoining thqt pá^foí tkktract which Taylor has ndt-yet conveyed;1 ill" sale in'S&isfaction hf the balance remaining cluéfof mdney; and that such other and further‘#rdersarfd decrees rday be made, as miybe agreeable tonthe rules oVquity, and not inconsistent wit&this'opiqjon. ‘ *