*Sutherland, J.
(After stating the facts.) As between the respondent and Van Deusen, if Van Deusen had continued to be the owner of the smaller mortgage, there can be no question of the respondent’s equitable title to a priority of satisfaction.
The original agreement between the respondent and Van Deusen was, that the balance of the consideration money not paid down, should be secured by a mortgage upon the premises; and the substituted arrangement was evidently for the accommodation of Van Deusen, and, as is admitted, at his solicitation. It is manifest that it was not the inten tion of the respondent, by that arrangement, to relinquish his lien upon the land.
If the respondent had conveyed the lot directly to Wright, and Wright had executed a mortgage to him for the $1180, and another mortgage to Van Deusen for the balance of the consideration money, and they had both been registered at the same time, I apprehend it will not be denied that the mortgage to the respondent would have been entitled to a preference. It is equally clear, that, if upon the conveyance from Van Deusen to Wright, Wright had executed the mortgage in question directly to the respondent and Van Deusen had continued to own the other mortgage, he would never have interfered with the lien of the respondent. Such *336 was the essence of the transaction. Van Deusen, in taking the mortgage to himself, acted as the trustee of the respondent. He took it for his benefit, and if he had refused to assign it to the respondent, a court of equity would have compelled him to do it.
Were the respondent’s rights, then, changed by the assignment of the other mortgage to the appellants, nine months subsequent to the assignment made to the respondent ?
The act concerning mortgages has no bearing upon the rights of the parties now before the court. The mortgages were registered at the same time ; and neither can claim a priority under the act. But their being registered at the same time does not éxclude the operation of any facts or Circumstances which go to show that the one ought equitably to be preferred to the other.
The respondent does not stand simply in the character of an assignee of the bond and mortgage. His equitable rights and interests did not originate in the assignment. They existed before, and the assignment was intended as a legal consummation of them. Van Deusen never was, in equity, the owner of the-bond and mortgage now held by the respondent. It was taken for the benefit of the respondent; and with the declared intent and understanding, on the part of Wright, the mortgagor, as well as Van Deusen, the mortgagee, that it should be assigned to the respondent in satisfaction of the purchase money. Van Deusen was, therefore, the mere nominal mortgagee, the trustee of the respondent, who was the real party in interest. In equity, therefore, the respondent’s rights are the same as though the mortgage had been" taken directly to him. And, in that case, he undoubtedly would have been entitled to a preference.
A vendor has a lien on the estate sold for the purchase money, as long as it remains in the hands of the vendee, unless the circumstances in the case show that such lien was not intended to be reserved. [1] So far from any in *337 ference of that kind being authorized by the facts in this case, they all conclusively and affirmatively show that the respondent did not intend to relinquish his lien. The taking of collateral personal security from .a third person for the purchase money, distinct and independent of the land, has in some cases been considered evidence of the intention of the Vendor to waive his lien. [1] But the bond and mortgage in question is not a security of that description ; Wright was, in fact, the vendee; and the mortgage given was upon the land sold. (See Garson v. Green, 1 John. Ch. Rep. 308. Gilman v. Brown, 1 Mason’s Rep. 212 to 219.) [2]
*338 But the appellants do not stand in the character of purchasers of the land without notice; and the rule seems to be, that it is only persons of that description, who can set up the implied waiver of the lien of the vendor.
Under all the circumstances of the case, it appears to me, that the appellants must be held to have taken the assignment of their mortgage, subject to all the equities which existed against it in favor of the respondent in the hands of Van Deusen. They are the mere assignees of a chose in action; and the claims of a respondent are not to be considered as the latent equities of. a third person, a mere stranger, against the assignor. (2 John. 512. 2 Vern. 692, 764. 1 Ves. 123. 4 Ves. Jun. 121. 1 P. Wms. 496. 2 Wash. 233. 2 John. Ch. Rep. 441, 479. 2 Cowen, 247.)
Van Deusen was a competent witness. He does not appear to have any interest in the event of the cause. There is nothing to show that he is liable to the respondent for any deficiency in any event. The principal objection in the case of Frear v. Evertson, (20 John. 142,) was to the confessions of the assignor of a chose in action, in whose name the suit was brought, made after the assignment. The court held that his confessions, made after the assignment, could not affect the rights of his assignee; and that he could not be a witness because he was a party to the record, unless by consent. The court also say, that by the terms of the assignment, there was a contingent resulting benefit to him. There is no analogy between the cases.
I am therefore of opinion that the decree of the chancellor should be affirmed.
Savage, Ch. J., concurred.
Woodworth, J., being related to the respondent, gave no opinion
*339 For affirmance—Chary, Ellsworth, Enos, Hager, Haight, Hart, Lake, McMartin, Smith, Spencer, Wilkinson and Woodward, Senators.
For reversal—Jgrdam, McCall and McCarty, Senators.
Decree affirmed.

 Bailey v. Greenleaf, 7 Wheat. 46; Garson v. Green, 1 John.’s Ch. R. 308; Fish v. Howland, 1 Page 20; Warner v. Van Alstyne, 3 id. 315; Bradley v. *337 Basely, 1 Barb. Ch. R. 125; Greenup v. Strong, 1 Bibb. 590; Voorhies v. Inston, 3 id. 353; Oulton v. Mitchell, 4 id. 239; Eubank v. Poston, 5 Monroe 287; Ridgley v. Carey, 4 Harr. & M'Hen. 167—172; White v. Casanave’s heirs, 1 Harr. & John. 106; Chiselin v. Ferguson, 4 id. 522; Grave v. McCall, 1 Call. 414; Galloway v. Hamilton, 1 Dana. 570; Hundley v. Lyons, 5 Munf. 342; Wynne v. Alston, Dev. Eq. R. 163; Henderson v. Stewart, 4 Hawkes 256; Tribble v. Oldham, 5 J. J. Marsh 145; Weseman’s heirs v. Read, 7 id. 249; Lizou v. Alexander, id 289; Pratt v. Van Wyck’s ex’rs, 6 Gill and John. 495; Howlett v. Thompson, 1 Ired. Eq. R. 269; Marine and Fire Ins. B’k v. Earley R. M. Charl, 279; Taylor v. Alloway, 3 Litt. 216; Kenedy v. Woolfolk, 3 Hayw. 197; Duval v. Bibb, 4 Hen. & Munf. 118; Cole v. Scot, 2 Wash. 141. The principal English cases are : Chapman v. Turner, 1 Vern. 267; Walker v. Preswick, 1 Vessey 622; Austin v. Halsey, 6 id. 483; Nairn v. Prowse, id. 759.

 It is now established in this country, (although the rule is not so strict in England,) that taking any instrument in writing, as a bond, note, of bill, with distinct security; or by accepting distinct security, on any other property, or from a third person, is evidence of a waiver of the lien by the vendor, and will discharge the same. See Fish v. Howland, 1 Page 20; Francis v. Hazerligg, ex’rs, Hardin 48; Cox v. Fenwick, 3 Bibb. 183; Cole v. Scott, 2 Wash. 141; Wilson v. Graham, ex’rs, 5 Munf. 297 ; Gilman v. Brown, 1 Mason, 297; S. C. 4 Wheat. 255; Williams v. Roberts, 5 Ohio 35; Mayhem v. Combs, 14 Ohio 428; Follett v. Reese, 20 id. 546; Foster v. Trustees of the Athenteum, 3 Alabama 302; Vail v. Foster, 4 Comst. 312. These decisions are analogous to the spirit of the Roman law, which declared that absolute property passed to the buyer, if the vendor took another pledge, or other personal security; vendit® vero res et traditra non aliter emptori acquiruntur, quam si is venditori pretium solverit, vel alio modo ei satisfeeerit, veiuti expromisofe aut pignore dato, Inst. 2; 1. 41.

 The weight of authority is, that taking a note, bond, or covenants from the vendee, for the payment of money, says Mr. Kent, 4 Kent, †53, is not of itself-'an act of waiver of the lien, for such instruments are *338 only the ordinary evidence of the debt. See also Winter v. Lord Anson, 3 Russell 488; Lagow v. Badallet, 1 Blackf. 416; Van Doren v. Todd, 1 Green, N. J. 397; Eskridge v. M'Clure, 2 Yerger 84; Ross v. Whit-son, 6 id. 50.