Phipps *v.* Tarpley.

judgment on the verdict of the jury. The indictment in that case does not give the name of the master, &c., or specify the article or commodity sold to the slave.

---

## Wm. R. D. Phipps *vs.* C. S. Tarpley.

Where a party covenants to make a deed to a certain quantity of land, "more or less;" these words mean that when there is only an inconsiderable deficiency as to the quantity of land, that the vendor is not to submit to a deduction from the amount of the purchase-money, if the tract of land contains less than the amount, nor is the purchaser to pay more than the sum stipulated, if the land exceeds the number of acres described.

The vendor risks as to the sum of money, and the purchaser as to the quantity of the land.

A judgment of a court can only bind the parties to the proceedings therein; and, upon a petition to appoint a trustee, the court can make no decree affecting the legal title to property involved, unless all interested are made parties.

Where the decree of a court is to operate upon the legal title, the person holding such title must be made a party to the proceedings, which must be controlled by the nature of the trust created.

As long as a creditor has a valid subsisting debt, he is entitled to the aid of a court of equity, if necessary, to enforce that trust; but he can only have such aid in the usual way, by bringing the proper parties before the court.

A decree binds those who are parties to the record; and *held*, that upon an *ex parte* proceeding, no one is bound but the party petitioning.

*Henderson* v. *Herrod*, 1 Cushman, 454, 455, 456, cited and confirmed, as applicable to this case.

The plaintiff (P.) is not entitled to a rescission of the contract, but only to a deduction from the amount of the purchase-money, for the small portion of the land held adversely.

The court can take no jurisdiction of the legal title without making the trustee a party; but P. has an equity in the property, subject to be defeated only by a sale to pay the debts named in the trust. *Held*, that the court can act upon this equity, and give the defendant an ample remedy.

On appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The opinion of the court contains the facts of the case.

*N. G. & S. E. Nye,* for appellant, filed an elaborate brief, and cited Hill on Trustees, 190, 193; 2 Sug. on Pow. 532.

*D. Shelton,* for appellees, filed a lengthy written argument in reply.

Mr. Justice FISHER delivered the opinion of the court.

This is an appeal from an interlocutory decree of the superior court of chancery, dissolving an injunction granted upon a bill filed by the appellant enjoining a sale of certain slaves under a deed in trust, executed by the complainant, on the 6th of January, 1846, in the State of Tennessee, to secure first, one Harding in the payment of a note for $1,200, and the residue of said slaves to secure Tarpley in the payment of two notes for $1,900 each.

The bill alleges, that the notes payable to Tarpley were executed to secure part of the purchase-money for a tract of land, containing 1,000 acres, by him sold to the complainant; that the vendor represented, at the time of the sale, that there were 1,000 acres in the tract of land, whereas, upon a survey, it falls short of that quantity about eighty acres. It also alleges, that one Luther and wife, at the time of the sale, held adversely, a small portion of said land, containing about six acres, upon which are situated a residence and wagon-maker's shop; that this portion of the land, together with the improvements, is worth the sum of $500.

The answer admits the adverse possession, but insists on matter in avoidance; that the same was sold to Luther and wife by one Ferguson, while he was a joint owner with Tarpley in the land. The proof shows this portion of the land to be worth the sum of $300; and we are of opinion that the injunction for this sum, under any view of the case, ought to have been retained till the final hearing.

The answer is not responsive to this part of the bill; and it shows very clearly that Luther holds an adverse possession under color of title. This being the case, the contract, as to this part of the land, was void. 11 S. & M. 422.

Under the facts in the record, we are clearly of opinion that

the complainant is not entitled to relief, as to the deficiency in the quantity of land. The title bond covenants to make a deed to the Parham Buford tract of land, containing 1,000 acres, "more or less." These words, "more or less," where there is only an inconsiderable deficiency as to the quantity of land, mean that the vendor was not to submit to a deduction from the amount of the purchase-money, if the tract of land contained less than 1,000 acres; or the purchaser to pay more than the sum stipulated, if the tract of land contained a greater number of acres. The risk in this respect was mutual. The vendor risked as to the sum of money, and the vendee as to the quantity of the land.

The next question presented by the record arises upon this state of facts. The deed in trust was made in the State of of Tennessee, to one Stith Harrison. At the December term, 1849, of the superior court of chancery, the defendant, Tarpley, exhibited his petition *ex parte*, stating that the trustee was a resident of the State of Tennessee; that his debt was due and unpaid, and praying for the appointment of a trustee in lieu of the said Harrison. Upon this petition, Shelton, the trustee enjoined by the present bill, was appointed. It is insisted, that this appointment, being entirely *ex parte*, was void. If this position be correct, of course he had no power to make a sale of the slaves in the trust.

By the deed in trust, the legal title to the slaves was vested in Harrison, and this title must be divested out of him at the time, or before, it can vest in another person. This can only be accomplished in the usual way, either by a voluntary conveyance on his part, or by the judgment of a court of competent jurisdiction, compelling him to make the conveyance; or by divesting the title out of him, and vesting it in another person. The judgment of a court can only bind him, when he is a party to the proceedings therein. Upon a petition to appoint a trustee in his stead, to which he is no party, the court can make no decree affecting the legal title, which he holds under the deed. When the decree of a court is to operate upon the legal title, of course, the person holding such title must be a party to the proceedings in court. These proceedings must be controlled by

the nature of the trust created. The court must, therefore, first ascertain for what purpose the legal title was vested in the trustee, and then make it subservient to the equities of the parties interested as *cestuis que trust;* and if it shall be discovered that the *cestuis que trust* have no equities, the court will not interfere with the legal title.

We have merely stated these principles, to show the necessity of having the proper parties in such cases before the court. In the present case, the trust will attach to the legal estate till a payment or discharge of the debt secured. As long, therefore, as the creditor has a valid subsisting debt, he is entitled to the aid of a court of equity, if necessary to enforce the trust. But he can only have this aid in the usual way of administering justice, by bringing the proper parties before the court. A decree only binds those who are parties to the record. Hence it follows, that upon an *ex parte* proceeding, no one is bound but the party petitioning; and, consequently, no one can be ascertained to be in default, either in the payment of a debt, or in the execution of a trust.

We are aware that the practice has, to some extent, prevailed in this State, to appoint trustees upon *ex parte* petitions. There may be cases in which it is possible for such a proceeding to be correct; yet we have found no case in which the power has ever been exercised, except where it was specially authorized by some statutory provision. The English statute of 1 Wm. 4, in a certain class of cases, allowed appointments of trustees upon *ex parte* petitions; but the lord chancellor, in delivering his opinion on a petition presented under the statute, declared that no general authority existed in that court to appoint new trustees where there was no power in the settlement, unless where a bill was regularly filed; and the petition, not presenting a case provided for by the statute, was accordingly rejected. And in the same case his lordship further declared, that all appointments made upon petitions, not authorized by the statute or some provision in the deed, were mere waste paper, of no legal validity, and void. In the matter of Fitzgerald, 10 Eng. Ch. R. 394, " the application to the court, whether for the appointment of an original trustee, or the removal of

one trustee and the substitution of another, must, except in the instance provided for by the late trustee act, be made formally by bill; but if a suit be already pending, a new trustee may then be appointed, either on petition or motion." Lewin on Trusts and Trustees, 10 Law Library, 599. And in accordance with this practice, the rule has been established in this court. *Henderson* v. *Herrod et al.*, 1 Cushman, (Miss.) R. 454–456. The authorities bearing on this question were in the case quoted carefully examined and fully considered by the court; and we deem it only necessary to refer to that case to find the authority to file an *ex parte* petition in a particular case, or, when the proceedings must be by bill, bringing all persons interested in the subject matter before the court.

We are satisfied that the complainant is not entitled to a rescission of the contract, but only to a deduction from the purchase-money for the small portion of land in the adverse possession of Luther, and which deduction the answer offers to make; not, however, to the extent claimed by complainant. This, however, is a question of fact, and must depend upon the proof to be made by both parties in the court below.

The complainant having sought equity, must do equity. He is not entitled to a rescission of the contract, but only to certain credits and deductions; and as to the balance of the purchase-money, he cannot in equity withhold it from the defendant. Upon the cause being remanded to the court below, the answer being made a cross-bill, will authorize the court to order an account of the amount due, and to decree a sale of the trust property. It is true that the court can take no jurisdiction of the legal title, without making the trustee a party; but the complainant has a complete equity in the property, subject to be defeated only by a sale to pay the debts named in the trust. The court can act upon this equity, and thereby give the defendant ample remedy.

We do not think the complainant ought to pay the commissions for accepting and advancing. The acceptance was made upon the faith of Tarpley's name, and on the credit of the complainant. This is clearly shown by the answer of the defendant.

51 *

Sartorious *v.* The State.

Decree reversed. Cause remanded for further proceedings in the court below.