JAMES FRENCHE, appellant,

*v.*

THE CHANCELLOR OF THE STATE OF NEW JERSEY, respondent.

Where land is sold by the acre, as containing so many acres, more or less, if the quantity, on an actual survey and estimation, falls short or overruns a little, no compensation should be received by either party.

On appeal from a decree advised by Vice-Chancellor Bird, who delivered the following opinion in the court below :

BIRD, V. C.

This bill is filed to foreclose a mortgage.    In 1881 the heirs-at-law of William Rea, deceased, filed their bill for the partition of lands, which descended to them upon his death.    The result of these proceedings was a sale of the lands free from their mother's right of dower.    They secured to her her interest by giving to the chancellor this mortgage, conditioned that the interest should be paid to her.    William, one of the heirs-at-law, became the purchaser.    In 1889 he died without children, never having married.    His brothers and sisters being his heirs-at-law, again took proceedings in this court for partition of the same

lands, and a sale was finally ordered. At such sale defendant Frenche became the purchaser, and as part of the consideration money assumed the payment of the said mortgage.

The defendant resists the payment of the whole amount due upon the said mortgage, and files a cross-bill, in and by which he claims that he purchased the said land by the acre, and paid for it by the acre at the rate of one hundred and ninety-five acres and ninety-eight one-hundredths of an acre, and insists that there were not so many acres conveyed to him, because of which he is entitled to a deduction from the whole amount of said mortgage equal to the value of the number of acres less than one hundred and ninety-five acres and ninety-eight one-hundredths of an acre, at the rate per acre at which he bid. He also, by his cross-bill, claims deduction for a large number of acres which it is alleged were and are a great portion of the time overflowed or submerged by water, because of an artificial dam which was raised in the construction of the Morris canal, which renders so much of the land comparatively worthless.

In the cross-bill the allegation is that the quantity of acres less than the amount named in the deed, and less than the amount offered at the sale, and for which payment was made, is twenty-two. The complainant insists that a fair construction of the surveys shows that there is no deficiency.

Under the most liberal interpretation it is difficult to calculate a deficiency exceeding four acres and twenty-two one-hundredths of an acre, and this is all that was finally insisted upon by the counsel of the defendant. To reach this amount, highways and by-roads, as well as a parcel of land sold by William Rea in his lifetime, are included.

At the sale, according to the conditions, and according to the report of the master who made the sale, the number of acres offered was one hundred and ninety-five and ninety-eight one-hundredths. In the deed it is declared that the property was sold by the acre, and that the quantity was one hundred and ninety-five acres and ninety-eight one-hundredths of an acre. The description of the premises in the deed concludes thus: " Containing 195.98 acres, be the same more or less."

The defendant upon final hearing abandoned his claim of a deduction of the value of twenty-two acres, and limited it to four acres and twenty-two one-hundredths of an acre. All of this but one acre and fifty-eight one-hundredths of an acre is claimed to be highways and by-roads crossing said tract. Twenty-one one-hundredths of an acre thereof is not enclosed by the division fence separating these lands from Brattleford's, but which would be included in case the fence were placed upon the true line. There is nothing to show that Brattleford claims this small area. The balance, or one acre and thirty-seven one-hundredths of an acre, is so much as was sold and conveyed by William Rea in his lifetime to the Morris and Essex Railroad Company.

This claim for deduction because of highways and by-roads is wholly unfounded. The defendant attempts to justify this claim by setting up that he at one time was the owner of this entire tract, and that he sold and conveyed it, excepting all roads made or to be made, and the title passed by virtue of a mortgage with a like exception, under which there was a sale. The extravagance of such a demand is apparent when it is observed that it not only included roads already made, but roads that were to be made. The legitimate consequence of this insistment is that either this defendant or some one in privity with him had the title to these roads, and in case they had been abandoned by the public could have entered upon them and occupied them by buildings or otherwise, thus separating this tract into as many parcels as would be indicated by the number of roads crossing it.

The only point meriting consideration is that which springs from the fact that one acre and thirty-seven one-hundredths of an acre of the land included in the survey, and which the deed purports to convey, had been conveyed away by the ancestor. In case of a sale of land at a given price per acre, is this such a deficiency as to entitle the purchaser to relief, when it not only appears by the deed that the sale was by the acre for a given number of acres, but also that the land surveyed and included in the description was the amount intended to be conveyed, whether more or less?

Everyone who is in the habit of considering such questions will at once be struck with the value of the rule governing such cases, when the phrase " more or less " is employed as it is here. It is always entitled to and receives the consideration of courts in determining the rights of parties under their contracts. It is true the sale was by the acre, at a given price, and that was expressed in the conditions, in the report of the master and also in the deed. Yet I think the general doctrine is established by a multitude of cases to the effect that when the difference in the quantity of acres actually conveyed from the quantity stipulated in the agreement of sale, whether in writing or otherwise, is slight as compared to the whole number of acres, and the parties have expressed themselves to be satisfied, whether it be more or whether it be less, as in this case was done, courts will not aid either party. In the case of *Dayton* v. *Melick,* 7 *Stew. Eq.* 245, 249, the court of errors and appeals laid down the general doctrine as follows : " If the description calls for so many acres ' more or less,' and the quantity falls short or overruns a little, no compensation is to be given either party, where there is no proof of fraud." In *Couse* v. *Boyles,* 3 *Gr. Ch.* 212, the court says : " Where land is sold as containing so many acres, more or less,. if the quantity on an actual survey and estimation, either overrunning or falling short of the contents named, be small, no compensation should be received by either party. The words ' more or less ' must be intended to meet such a result; but if the variance be considerable, the party sustaining the loss should be allowed for it, and this rule should prevail when it arises from mistake only, without fraud or deception. And it seems that the rule applies although the land is not bought or sold professedly by the acre, the presumption being that in fixing the price regard was had to the quantity."

In *Dayton* v. *Melick, supra,* the claim upon the part of the complainant was that he had purchased the land upon an agreement that there were a given number of acres. (I perceive no difference between a contract to purchase a tract of land at so much per acre, and an agreement to purchase a tract of land alleged by the vendor to contain a certain number of acres for a

fixed price.   In either case the quantity is taken into the account in ascertaining the price or value.   And besides, the result in case of mistake is precisely the same.)   And this was the view taken by the chancellor in the case of *Couse* v. *Boyles, supra,*. and in *Hundley* v. *Lyons, 5 Munf. 342.   Devl. Deeds* § *1046* states the general doctrine with reference to the value to be given to the phrase " more or less."   In *Phipps* v. *Tarpley, 24 Miss. 597,* the court said in such cases the risk is mutual. But it must be understood that the differences in either case must be slight, or the court will not be controlled by the phrase " more or less," or by any equivalent expression.   In *Triplett* v. *Allen, 26 Gratt. 721,* there appears to have been a sale of a tract of land by the acre, purporting to contain ———— acres, for $50 per acre, which afterwards was shown to be an excess of ten acres above the actual quantity.   The court held that this excess at the price named per acre was too considerable to be covered by the phrase " more or less."   In *Stevens* v. *McKnight, 40 Ohio 341,* the court decided that a deficiency of five and one-quarter acres at $55 per acre was too much for the vendee to bear, which it will be seen was more favorable to the vendee than in the case of *Dayton* v. *Melick, supra,* considering the number of acres and the amount given for the land.   In the case of *Wilson* v. *Randall, 67 N. Y. 338,* the sale was by the acre, and the vendor, after the survey, claimed that there were fifty-six acres and fifteen one-hundredths of an acre, whereas it afterwards turned out that there were only forty-eight acres and forty-seven one-hundredths of an acre ; the price agreed upon per acre was $350.   The court allowed the recovery of the excess. paid for the number of acres above the true quantity, notwith-standing the addition of the phrase " more or less " added to the description of the property in the deed.   To the same effect is. *Tarbell* v. *Bowman, 103 Mass. 341.*

It will be seen from all the authorities that the value or price per acre agreed upon has. much to do with the judgment of the court in determining the rights of the parties.   But that value or price, so far as I can learn, is determined by the agreement,. and is fixed at the rate per acre therein specified, and not at the

valuation which a particular portion of the premises may be supposed to be worth at the time of the hearing. This rule seems to me to be reasonable from every standpoint. *Nelson* v. *Matthews, 2 Hen. & M. 164; Hundley* v. *Lyon, 5 Munf. 342; Nelson* v. *Carrington, 4 Munf. 332; McCoun* v. *Delany, 3 Bibb 46; Harrell* v. *Hill, 19 Ark. 102.* If this be the true view, then according to the defendant's own showing there is a deficiency of only one acre and thirty-seven one-hundredths of an acre, for which he agreed to pay $37.76. This, it seems to me, may fairly be regarded as covered by the phrase "more or less," and not such a deficiency as to entitle the defendant to relief. I fully agree with the observations of the court in the case of *Whaley* v. *Eliot, 1 A. K. Marsh. 253,* when it says: "Good policy requires that too easy an ear should not be given in such cases." I think this observation is applicable to this case. The only deficiency which can properly be so regarded is one acre and thirty-seven one-hundredths of an acre. I do not forget that the defendant insists that this is worth several hundred dollars, because of its location, and that he claims a certain particular quantity because it is enclosed with fences, as embracing this one acre and thirty-seven one-hundredths of an acre. With respect to this particular quantity it should be said that it was sold and conveyed to the railroad company by the ancestor of the parties to the partition proceedings, under which the defendant took title, and was embraced in the first description in the deed, out of which were excepted in the same deed several parcels, but in making such exceptions this small quantity was omitted. This conveyance to the railroad company, I believe, is a matter of record, of which the defendant had notice. Under the circumstances, notwithstanding the claim of the defendant that he is entitled to a rebate of several hundred dollars for this parcel, I feel it my duty to apply the rule above stated, and to estimate it at the value per acre paid for the whole tract, which was $27.56 per acre, making for the one acre and thirty-seven one-hundredths of an acre $37.76. It is well settled that courts of chancery do not take cognizance of such inconsiderable de-

mands.   *Swedesborough Church* v. *Shivers, 1 C. E. Gr. 453;*
*Allen* v. *Demarest, 14 Stew. Eq. 162.*

The cross-bill should be dismissed, with costs.   The complain-
ant is entitled to a decree for the whole amount due upon his
mortgage, with costs.

*Mr. Charles M. Woodruff,* for the appellant.

*Mr. S. Meredith Dickinson,* for the respondent.

*For affirmance*—ABBETT, DEPUE, DIXON, GARRISON, LIP-
PINCOTT, REED, VAN SYCKEL, BOGERT, PHELPS, SMITH—10.

*For reversal*—None.