*207 OPINION of the Court, by
Judge Owsxey.
This action was brought in the courtbelow by Dorsey against Robert Dougherty, Daniel Culhert, Michael Dougherty and John Dickens, for a malicious prosecution. The plea of not guilty was separately pleaded by the latter defendant in that court, and jointly by the three former 5 and upon calling the causé for trial, the former three tnoved the court for a separate trial of the issue made up by them, on the grounds that their codefendant Dickens was a material witness for them to prove a probable cause for the prosecution; but their motion was overruled, and a joint trial Had against all the defendants on both issues. Whether, therefore, that court should have *208 directed separate trials, is the first question presented for the determination of this qsurt.
The original warrant iffued by a juftice up^ felony, ar8with the acquittal of 'edtheeo'^n dorfe/Ind'iign". ed by the juf-tices »ht ⅛ ™idenceoftiK arqoittai, in an aftion tor a fccuCon * Pr°
if dant moves the whether d*ere was o^was not probable caufe, and the court mot'ion^and the defendant excepts, he muft Rate the evidence, other-wife the ap-pelíate court 'ard the éx ception. * C
⅛ a joint a£lmn agamR juryf fever the damages, the piaintiff may ggtinftUafimfor the higher damages ¡ and dtnlTeTb'the jury^dóe/not affeft a jud£. ment thus ta.
We are aware of no case Wqere it has been held that defendants, because they may baVe severed in their pleas, have their election a right to separate trials; nor can we perceive on principle why thftv should have such a privilege. Cases no doubt may occur, where tiie court W(ju]d act strictly correct in permitting separate trials ; but those cases must of necessity depend much on their particular circumstances ; and the court in either per-'fitting or refusing a severance, must, as in almost ere-ry instance in the course of the preparation of a cause they do, exercise a considerable latitude of discretion, This discretion, it is admitted, should not be abused to ^Ie Prejudiceofeitlier party, bat exercised in reasona-ble and proper limits. As respects the present case, we are however unable to perceive any possible injury which can ^lave been sustained by the defendants in the court below in consequence of the refusal of the court to direct separate trials. If on a separate trial Dickens would bave been a competent witness for the other defendants, so be would he on a joint trial. In the case of a separate trial, the jury who might try the first issue should re-gjj¡;irjy assess damages against all of the defendants ; and those who should bo found guilty thereafter, as well as those on the trial of whose issue tiie damages were assessed, shouldbc made contributory to those damages. —^ ^ jie g-2 TiiUFs P;-ac. 84. *
. ,. . „ IÍ then on tiie tria! oí the issue as to the other defim-dants, any evidence should be produced as to the guilt of Dickens, it is plain according to the authorities just cited he would be interested in the assessment of the damages, and consequently an inadmissible witness.
Dickens then on a separate trial, could only have been used as a witness in the absence of all proof as to his guilt in tiie transaction complained of in the decla-riq[on • and in theabsence of such proof, even on a joint trial, there is no doubt but he would, according to the settled rules of evidence, be a- competent witness,
The circumstance, therefore, of the court having refused separate t rials, cannot warrant the interposition of this court in setting aside the judgment,
⅛ ajs0 made a question whether that court should not have rejected the evidence introduced by the plaintiff there to prove a prosecution and acquittal. That evi- *209 ilence purports to be the original warrant which issued against the .plaintiff in that court, subscribed with the name of one of the justices of Henry county, together with an entry made thereon of the plaintiff having been acquitted of the charge therein mentioned1, and signed by the names of two persons with the initials of their office of justice of the peace. The exceptions Which were taken to the opinion of the court do not suggest the grounds upon-which the evidence was opposed in the court below, bat as there appears to have been no evidence before the court of those persons whose names are subscribed to the acquittal being justices of the peace, the evidence it is contended should have been rejected.
Nor is the verdiit and judgment viti* ated becaufe the feveral damages added together exceed the damages laid in the writ} the plain* tiff taking judgment for the damages not exceeding thofe laid in the writ*
The position contended for cannot according to any rule of evidence be admitted to prevail. For a breach of the penal laws, justices, upon proper information, are required to issue their warrant and cause to be apprehended the supposed offender; and when apprehended some two of them are bound to inquire into the charge, and either acquit or commit, according as the circumstances of the case may warrant. As, therefore, justices are thus required to proceed, it would be strange, if after having discharged the duty imposed on them by the law, their record of the proceedings so had did not prima facie imply that degree of verity necessary to chí-vate it to the grade of legitimate evidence. Indeed a case can scarcely be imagined, where the act of an officer, done under the authority of law in apt form, does not obtain that credit which constitutes competent evidence. In the common case of an original writ, the return of the officer to whom directed is always received as evidence of what has been done; and upon that return the court before whom the cause depends'either causes other process to issue or disposes of the cause as the return itself authorises. So likewise with respect to office copies, although where there is no person au-thorised by law to give out copies, unlessf they aré authenticated under the seal of the couftj proof will be required of their genuineness; yet wheh the person giving out the copy has authority by law to do so, his attestation is all that is required to give it authenticity. If then this be the rule as respects the acts of mere ministerial officers, a fortiori should the ride prevail with respeefto the acts of justices of the peace, who combine in their of *210 ficial duty acts both of a ministerial and judicial character.
It is assigned for error that the court below erred in not deciding whether there was or was not probable cause for the prosecution, when called on for that purpose. The defendants ¡ip that court (the plaintiffs here) certainly cannot have sustained an in jury by the failure pf the court to decidei on the question, unless the evidence, went clearly to prove a probable cause ; but as the evidence is not made part of the record, we are unable to say what should have been the decision of that court ; and consequently we cannot say the present plaintiffs have any just cause of complaint.
, It is also assigned for error that the verdict of the jury is erroneous in finding several damages against dif-íejrent,defendants., The; verdict found all of the defendants, guilty, and as to Dickens assessed $500 damages, and as ,to the other ..defendants assessed $591 damages. Strictly speaking, the jury, after finding all of the defendants guilty, ought not to assess several damages ; yet, if they do so, according to the settled doctrine of the law, the irregularity may be cured by the plaintiff either entering a nolli prosequi as to one of the defendants ami taking judgment against the others, or by entering a.tyfinitlihif as to Rie lesser damages, or even without entering a rmátlitur by taking judgment for the greater damages. — 2 Tidd's Prac. 805. As, therefore, judgment was taken in this case for the greater damages only, the circumstance of the severance by the jury cannot vitiate it.',. . . . ,
Nor do.we suppose the judgment can in anywise be affected by the. several damages assessed by the jury amounting to, morethan , those laid in the declaration, ft Is tyue aplaiqtiff cannot regularly recover more damage?, than he lays in his declaration; and hence the jury pi strictness ought not to assess greater damages ; bpt“as the irregularity in severing the damages, is cured hytalffog judgment for the greater damages, so we ap-ptyl]end when thp damages for which judgment is taken ¾⅛⅜ ppt exceed those laid in, the declaration, the irregularity resulting from the aggregate amount of damages exceeding that sum is also cured. And as that appeals to be tfie case in, the present instance, the jiidg-ipent of the cqprt below is correct, and must be affirmed with costs and damages.