FREAR *against* EVERTSON.

Where the plaintiff had, previous to the suit, assigned his interest in the debt, or *chose in action*, of which the defendant had notice, evidence of confessions, subsequently made by him, as to the demands of the defendant against him, which might impair the interest so assigned, or prejudice the rights of the assignee, for whose benefit the suit was prosecuted, is inadmissible.

Nor can the plaintiff be a *witness* for the defendant, to prove the *set-off*, or demand of the defendant, in such a case.

A party to the record, cannot be a witness, unless by consent of the real parties in interest.

THIS was an action of *assumpsit*, tried at the *Dutchess* Circuit, in *April*, 1821. The declaration contained the common counts for goods sold and delivered, money paid, &c. Plea, *non-assumpsit*, with notice of a set-off, and of special matter to be given in evidence at the trial.

At the trial, the plaintiff proved his demand against the defendant, for goods sold and delivered to the defendant, amounting to 350 dollars and 99 cents. The defendant then offered to set off his demand against the plaintiff, pursuant to the notice annexed to his plea, and produced a bill of the particulars, a copy of which had been served on the plaintiff. He then called a witness to prove, that the plaintiff, since the commencement of the present suit, had admitted and confessed that the items of the account, offered as a set-off by the defendant, were due to him from the plaintiff, as stated in the bill of particulars. The counsel for the plaintiff objected to the evidence, and to the admission of any confession from the plaintiff, on the ground that he had previously assigned his demand against the defendant. An assignment by deed, was produced and proved, executed by the plaintiff, *Frear*, to one *A. G. Thompson*, dated the 29th of *May*, 1819, assigning to him, among other things, his claims and demands against the defendant, as security for a debt due from the plaintiff, *Frear*, to the said *Thompson*, who, after paying and satisfying the principal and interest due to him, out of the moneys to be collected by him from the debts so assigned, was to return the books of accounts, &c. to the plaintiff, *Frear*, and the assignment thereupon to be void. Notice of this assignment was given to the defendant, *Evertson*, soon after it was made. It was admitted that the demand of *Thompson* had not been satisfied, and that the present suit was brought by him, and prosecuted for his benefit. The Judge overruled the evidence of the admission and confession of the plaintiff.

The defendant then offered to call the plaintiff, to prove the account of the defendant, and that the same was due before the assignment was made, and before this suit was commenced ; but the Judge rejected the witness.

A verdict was taken for the amount of the plaintiff's account, being 350 dollars.

A motion was made to set aside the verdict, and for a new trial.

*J. Tallmadge*, for the defendant. He cited *Peake's Evid.* 149. (154.) 156. (162.) 1 *Phillip's Evid.* 57. *Steel* v. *Phœnix Ins. Co.* 3 *Binney's Rep.* 306. *M'Clenachan* v. *Scott,* 2 *Dallas' Rep.* 172. note. *M'Ewen* v. *Gibbs,* 4 *Dallas' Rep.* 137. *Dunn* v. *Simpson's Lessee,* 6 *Binney's Rep.* 178. 2 *Bay's Rep.* 93. *Norden* v. *Williamson,* 1 *Taunt.* 378. *Gilpin* v. *Vincent,* 9 *Johns. Rep.* 219. *Stockham* v. *Jones,* 10 *Johns. Rep.* 21, 22. *Bauerman* v. *Radenius,* 7 *Term Rep.* 663.

*Oakley,* contra. He cited *Phœnix* v. *Ingraham,* 5 *Johns. Rep.* 417—426. *Jackson,* ex dem. *Goodrich,* v. *Ogden,* 4 *Johns. Rep.* 140.

*Per Curiam.* The questions in this case are, 1. Whether the admissions of the plaintiff, after he had assigned his interest to another, could be given in evidence for the defendant, who had notice of the assignment? 2. Whether the plaintiff could be a witness for the defendant, when objected to by the plaintiff's counsel, after proving the assignment and notice?

The Judge, at the trial, excluded the evidence, and rejected the witness ; and we see no ground to doubt the correctness of his decision. Having assigned his interest in the *chose in action, Frear* could not impair that interest by any confessions made by him to the prejudice of his assignee. As to his being a *witness,* that he was a *party to the record* was enough to exclude him, unless by consent of the real parties in interest. But *F.* was not merely a *nominal* plaintiff. According to the terms of the assignment, there was contingent resulting benefit to him. The case of *Bauerman*

v. *Radenius*, (7 *Term Rep.* 663.) is clearly distinguishable from the present case. The plaintiff must have judgment.

Judgment for the plaintiff.