Judge Triable
delivered the opinion of the Court.
Wilson brought an action of assault and battery against Thomas Gillen, Thomas Rogers, Jehu P. Gillen and John Spooler. Thomas Gillen pleaded not guilty,, and the plaintiff discontinued the suit as to Spooler, The record then states, that Jehu P. Gillen appeared in proper person,, and pleaded, not guilty, ore terms, and that Rogers filed his plea.of not guilty, and the plaintiff filed a joinder to each of the defendants’ pleas; but neither Rogers’ plea nor the plaintiff’s replication to either of the defendants’ pleas appears in the record.. The jury were sworn to try the issues, joined between the parties, and- on the trial of the cause the plaintiff' produced evidence conducing to prove the defendants guilty, at two different times and places, but on t.he game
The plaintiff then offered evidence to the jury, conducing to prove the defendants guilty at two other times and places. To the latter evidence the defendants objected; but the court overruled the objection,, and permitted the evidence to go to the jury.
The defendants, then moved- the court to instruct the jury, that the plaintiff could not recover damages for inore than, two assaults and batteries;- but the court overruled the motion, and refused to.give the instruction. A second.instruction was asked for by the defendants; but, as it was properly overruled,.it need not be-further noticed..
The defendants then moved the court-fora new trial, and their motion being overruled, they made a motion in arrest of judgment; which being also overruled, they have brought the case before this court by writ error.
The assignment of errors questions the correctness of the decision of the court belpw in overruling the defendants’ motions.
It was contended, in argument, that the court ought to have arrested the judgment— 1st, Because (he plaintiff discontinued the suit as to Spooler, who had been sued jointly with the defendants; and 2dly, because 'he plaintiff had not replied to the defendants? pleas*.
Torts are joint & sever-rvctioiTmay6 be instituted against all or afterwards discontinued as to part, &. maintained balance, and verdict may be for part & others. * 6
Whore the evidence con-irioi'e3 ties passes were com-milted than declaration!? a refusal of the court to. instruct the iury that no more can be recovered for ifeerro?laui’
Triplett, for plaintiff; Daniel, for defendant.
The fiyst ground relied up.on is clearly untenable, To.rts are both joint and several, and the injured party may either sue all or a part of the wrongdoers, at his election; and may discontinue the suit as to part, and proceed against the rest, if he chooses to do so; and on trial, the jury may find a verdictof guilty, as to part, and not guilty, as to the rest. 6 Bac. Abr. 590; 1 Saunders 207, note 2; 1 Marsh, 432; 1, Litt. Rep. 241; 4 Bibb 210.
' And as to the second ground, it is now well settled, that the adding of the similiter is but form, and the wan(; 0f j(_ js cuced by the verdict. Hard. Rep. 556; 1 Wash. 363; 2 Wash. 71.
It was also contended in argument, 1st, that the cour(; below ought to have rejected the evidence which was objected to by the defendants; 2dly, that the court below ought not to have tried the cause at the return term of the writ, inasmuch as it had not been executed on Spooler; and 3dly, that the court below ought to have given the first instruction asked for by the defendants.
We think the last objection is well founded. There are but two batteries laid in the declaration, and the plaintiff ought not to have been permitted to recover damages for more batteries than he had complained of.
As the plaintiff can hereafter obtain leave to amend his declaration, and charge the defendants with as man7 trespasses as he thinks he can prove, and as the objection to going to trial at the return term of the writ, cannot again occur, we deem it unnecessary to give an„ 0p¡ni0n on tbe other points made in the argument. 1
• > . . , , , i he judgment must be reversea with-costs, and the cause remanded to the court below, for new proceed-*n£s to no*- inconsistent with the foregoing-opinion.