## MATTHEWS vs. HOUGHTON.

In an action on a promissory note not negotiable, in the name of the payee, for the benefit of his assignee, the declarations and admissions of the assignor, made subsequent to the assignment, are inadmissible.

ASSUMPSIT on a note of hand made by the defendant to the plaintiff for $45, payable in grain. It had been duly assigned to *Warren Prescott*, and this action was brought for his benefit. In the defence, the defendant offered evidence of certain declarations and admissions relative to the note, made by the plaintiff of record, subsequent to the assignment to *Prescott*, which was objected to by the counsel for the plaintiff in interest; but *Ruggles J.* who tried the cause in the Common Pleas, overruled the objection, and allowed the evidence to go to the jury, instructing them " to consider it with great caution, mak-" ing allowance for any supposed interest he *(Matthews)* might " have adverse to the claim set up by his assignee." To which ruling of the presiding Judge the plaintiff took exceptions and brought the case into this Court.

It was submitted without argument by

*Wells*, for the plaintiff, and

*Boutelle*, for the defendant.

The opinion of the Court was delivered by

PARRIS J. — We had supposed that after the decision in *Hacket v. Martin*, 8 *Greenl.* 77, in this county, there would be

no further attempt to make use of an assignor of a *chose in action* to defeat the collection of a demand, which he had assigned for a valuable consideration, and of which the debtor had been duly informed.

That case settles the law that the assignor cannot discharge the demand, or defeat the suit by his admissions or his testimony.

The decision is founded on principle, and is supported by high authorities, some of which are referred to in the case.

*Fear v. Evertson,* 20 *Johns.* 142, is decisive of the question now before us. — We will, however, add *Welch v. Mandeville,* 1 *Wheat.* 233; *same case,* 5 *Wheat.* 277; *Wardell v. Eden, Coleman's cases,* 137.

Upon these authorities the admissions of *Matthews,* which were made after this suit was commenced, ought not to have been received, and we presume would not have been, if the case of *Hacket v. Martin,* had been published, or made known to the Judge who sat in the trial.

The exceptions are accordingly sustained.