May Term,
1839.

CARPENTER *v.* CRANE and Another.

Several defendants sued in an action on tort may, for good cause shown, have separate trials. And where there have been such trials, the Supreme Court will presume the cause for granting them—the record not showing what it was—to have been sufficient.

If to a declaration in trespass for an assault containing but one count, a justification be pleaded, and the plaintiff reply *de injuria*, he cannot introduce testimony relating to any other assault than the one specified in the plea. To render such testimony admissible when there is only one count, the plaintiff instead of traversing the plea, should *new assign*.

If in such suit against two defendants, one of them has been separately tried and acquitted, the other may, on his trial, examine the acquitted defendant as a witness.

CARPENTER
v.
CRANE.

| 5b | 119 |
| 166 | 448 |

ERROR to the *Elkhart* Circuit Court.

DEWEY, J.—This was an action by · *Carpenter* against *Crane* and *Hulett* for assault and battery. The declaration contains but one count. *Hulett* pleaded not guilty ; *Crane* justified, 1. *Son assault demesne ;* 2. *Molliter manus* in defence of his close. The plaintiff replied *de injuria,* &c. to each special plea. The defendants, on their motion, were permitted to have separate trials ; to which the plaintiff excepted. The jury found a verdict in favour of *Crane ;* and, afterwards, the issue with *Hulett* was tried by consent of parties by the Court, who found for him. Motion for a new trial overruled, and final judgment for the defendants.

*Crane,* on his trial, opened the cause under the special pleas, and introduced testimony tending to prove an assault and battery committed upon him by the plaintiff ; and, also, evidence respecting the possession of the premises where the same took place. The plaintiff then offered to prove, in " aggravation of damages," an assault and battery committed upon him by *Crane* and *Hulett,* other than that justified by the plea and to which *Crane's* testimony related. *Crane* objecting, this testimony was excluded.

On the trial of *Hulett,* he offered *Crane* as a witness on his behalf ; the plaintiff objected, but the objection was overruled.

The permission given by the Court to the defendants to be tried separately, is principally relied upon by the plaintiff in error for the reversal of the judgment in this case. There is nothing, however, in the record to sustain the objection.

Saturday,
May 25.

The separate trial of joint defendants in actions of tort is a matter of discretion with the Court, and may be allowed for good cause. *Dougherty* v. *Dorsey*, 4 Bibb, 207. The bill of exceptions does not state the ground on which the Circuit Court suffered the defendants to sever on trial. The presumption, therefore, is in favour of the correctness of the decision.

The testimony offered by the plaintiff, on the trial of the issues with *Crane*, to establish an assault and battery by him other than that which he justified, was correctly rejected. When two distinct trespasses have been committed upon a plaintiff, one justifiable and the other not—the declaration containing but one count—and the defendant justifies, the plaintiff should new assign and set forth the illegal assault. If he replies *de injuria*, &c., he puts in issue only the justification ; and if that be sustained by the evidence, the verdict must be for the defendant. The plaintiff cannot introduce testimony relating to any other assault than that specified in the plea. *Gale* v. *Dalrymple*, R. & M. 118. 21 Comm. L. R. 394 n. 1 Chitt. Pl. 660.

*Crane* was correctly admitted as a witness for *Hulett* on the separate trial of the latter. Had *Crane* been tried together with *Hulett*, and there had been no evidence against him, he might have been acquitted by the jury, and then used as a witness for his co-defendant. He had been acquitted on his separate trial, and was a disinterested witness.

There is no ground on which to sustain the motion for a new trial.

*Per Curiam.* — The judgment is affirmed with costs.

J. A. *Liston*, for the plaintiff.
H. *Cooper*, for the defendant.