# Commercial and Rail Road, Bank of Vicksburg *v.* Lum.

An order of the circuit court permitting joint makers of a promissory note to sever in their defence, cannot be assigned for error in the court for the correction of errors, unless it was excepted to in the court below.

A witness liable for the costs of the suit to any extent is not competent without a release.

Where the makers of a promissory note sever in their defences, one of the makers who is sued is not competent to testify for another maker, unless released from all liability for contribution.

Whether a note was altered before or after its execution and delivery is a question of fact for the jury.

If a negotiable instrument appear on its face to have been altered, the burden of proof is on the holder to show that it was done under circumstances which will render it valid.

This action of assumpsit was brought on a promissory note given by S. & M. C. Folkes, J. B. and S. S. Fox, and Samuel Lum, to the president, directors and company of the Commercial and Rail Road Bank of Vicksburgh, for eight thousand dollars, payable twenty-four months after date, with interest at eight per cent. after twelve months. After the suit was brought, Samuel Lum, one of the defendants, obtained an order of severance, by which the trial was directed to take place with regard to him separately, without any objection being made by plaintiffs. He, Lum, pleaded seven pleas: 1. the general issue; 2. general issue denying that he made the note ; and similar pleas, varying in their terms, on special *non assumpsit*, alleging that the note had been materially altered after he signed it, without his knowledge or consent, by inserting the words, "with interest at eight per cent. a year after twelve months;" all of which pleas he verified by affidavit.

On the trial J. B. Fox, one of the defendants to the record, was introduced as a witness in Lum's behalf, who proved that Lum

signed the note, as witness believed, after witness; that whether the words "with interest at eight per cent. per annum after twelve months" were in said note when Lum signed it he did not know. That all the writing in said note was in the hand writing of Samuel Folkes except those words, which were not in his hand writing. Richard Wells proved that he was discount clerk in the bank when the note was made, that the words "with interest at eight per cent. per annum after twelve months" are in his hand writing; that whether they were in said note before Lum signed it, he does not know; that those words and the signatures of S. and M. C. Folkes cross each other in some points or some of the letters; that the words were placed by him on the note in bank, and that he does not think the note went out of bank again.

The plaintiffs objected to the introduction of Fox as a witness, which objection was overruled. The plaintiffs moved the court to instruct the jury,

1. To establish fraud it must be proved in the particular case.

2. That any alteration in the face of a note is by law presumed to have been made before its execution, and to establish the contrary requires express proof on the part of defendants.

3. That an addition after its execution to a note, which addition constitutes part of the law of the land, does not vary the contract or void the note.

4. That the note in question signed by the defendants as a joint and several note must be considered, as regards the payee, as a note in which all are makers.

5. That the note in question having no alteration or erasure apparent on its face, they must deem it legally executed until the defendants show that some alteration, erasure or addition was made by the plaintiffs after the execution of the note by the defendants.

Of which the court gave the first and fourth, but refused to give the other three.

The defendant moved the court to instruct the jury as follows, to wit:

1. That defendant is to be considered as security.

2. If the jury shall believe from the evidence that the words "with interest at eight per cent. per annum after twelve months"

were inserted in the note sued on after it was executed and delivered to the plaintiffs by the defendant, without his knowledge, privity or consent, the same being a material alteration of the note, they will find for the defendant.

3. When an alteration appears upon a bill or note, there is a legal presumption that the alteration was made under such circumstances that it avoids the instrument, and the plaintiff must negative the presumption by proof of facts connected with the alteration, evidencing that the instrument is not thereby prejudiced.

4. That the insertion of the words "with interest at eight per cent. per annum after twelve months" is a material alteration of the note sued on, and if the jury shall believe from the evidence that the said words were inserted after the note was executed by the defendant and delivered to the plaintiffs without the consent of the defendants, such alteration avoids the note and the plaintiffs cannot recover.

5. That the pleas of the defendant, sworn to, denying the execution of the note as it now is, and asserting that the words "with interest at eight per cent. per annum after twelve months" were added without defendant's consent after he signed it, and without his knowledge, devolves upon the plaintiff the burden of proving that those words were inserted by consent of defendant.

6. That proof by the discounting clerk that the words "with interest at eight per cent. per annum after twelve months" were inserted in bank by him, and that the note was not out of bank after he received it, together with affidavit of defendant to his plea of denial, make it necessary for the plaintiffs to account for the insertion of those words.

All of which instructions the court gave except the first.

The plaintiffs excepted to the giving of the instructions asked by defendant, and to the refusing to give those which were asked by plaintiffs.

The verdict and judgment were for defendant.

TAYLOR for defendants in error.

1. Defendant contends that the court had a right to sever, as was done in this case, and try the suit, as to each defendant asking such severance, separately. 1 Dev. 298.

But if the court had not such right, it does not appear to have been objected to below, and therefore cannot be here.

The effect of such severance certainly was to put the parties in the same situation as if Lum had been sued alone, with regard to his right to, call other defendants as witnesses; that Fox would have been a competent witness for Lum, had he and Lum been sued separately, is clear, and therefore he was competent after the severance. 3 Wend. 380.

2. The court was right in refusing to give the second, third and fifth instructions asked by the plaintiffs. The second is abstract in its nature, and was not applicable, nor could it be applied to the case, as the execution of the note was denied on oath in several pleas, and in one on account of the insertion of the words "with interest at eight per cent. per annum after twelve months;" and circumstances were proved by the discount clerk sufficient to sat-isfy the mind that the alteration was made without the knowledge or consent of Lum; and so the jury were authorized to infer. But it certainly was not necessary for this fact to be proved *expressly*, or, as the phrase must be understood, positively, circumstantial proof is enough.

3. The third charge which was asked is not only abstract and had nothing to do with the case, but is totally unintelligible.

4. The fifth charge asked was not true in fact, and certainly the court could not, if it had been true, have said so to the jury. The discount clerk testified that there had been an alteration after the note was written, which was made by him, by inserting the words "with eight per cent. per annum interest after twelve months;" "that the words, or some of them, and the signature of S. & M. C. Folkes crossed each other on the note; that he made the alteration in bank, out of which he did not believe the note was taken afterwards, and that he did not know whether the name of Lum was signed when he made the alteration or not." Surely the court could not have given this charge.

In the charges asked by defendant, and given by the court, it is insisted there is no error.

5. The second charge, which was the first given, is evidently correct. The words which it is contended were inserted without the consent of Lum, have the effect of adding one year's interest

on eight thousand dollars, therefore was material, and if inserted without the knowledge or consent of Lum, must have discharged him from all responsibility.

6. The third charge asked by defendant was properly given. When an interlineation appears in an *executed* contract, and probably on contracts other than notes or bills, it will be presumed that it was made with the consent of all parties; but when made in a promissory note or bill, the law is different. See Chitty on Bills, 212, and the editor's appendix, 820. But this charge could not have affected the result of the case, and therefore it was immaterial.

7. The fourth charge asked by defendants was obviously correct. See 3 How. 330.

8. It is believed that the fifth charge is sustained by a decision of this court, that verifying, by affidavit, the denial of the execution of a promissory note sued on, puts the plaintiff upon the proof of the execution; but the interlineation itself puts the plaintiffs in this case upon this proof; therefore this charge, even if incorrect, was immaterial.

9. The sixth charge asked by defendant was, without doubt, legally given.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of assumpsit, brought by the plaintiff in error against the defendant and four others, upon a note for eight thousand dollars, payable twenty-four months after date, with interest at eight per cent. per annum after twelve months. During the pendency of the suit the defendant obtained an order of the court, permitting him to sever in his defence, from the other parties, and allowing him a separate trial. He pleaded several pleas, all of which were sworn to, amongst others, that the note after its execution had been materially altered without his consent, by inserting the words "with interest at eight per cent. per annum after twelve months." No exceptions were filed to the order of severance.

Upon the trial, J. B. Fox, one of the defendants, who had pleaded similar pleas, was called as a witness by the defendant Lum, was objected to by the plaintiff, but permitted to testify by the court.

Commercial and Railroad Bank of Vicksburg  *v.* Lum.

To this exceptions were filed. Instructions to the jury were asked by both parties. Those of the plaintiff were refused, and those of the defendant given; to which exceptions were likewise filed by the plaintiff. There was a verdict and judgment for the defendant, a motion for a new trial, which was overruled, and the case brought by writ of error to this court.

As there was no exception taken to the order of severance, we cannot make it the ground of reversal; we shall therefore pass it over with the single remark, that we are not satisfied of its correctness, and we do this merely that we may not seem to give it sanction by our silence. See 3 Phil. 135; 4 Bibb, 207.

The effect of this order of severance upon the liability of the parties to the costs of the suit, may claim a moment's attention. The witness was certainly liable to a partial, if not to an entire extent for the costs, in the event of recovery by the plaintiff. He was not released, nor indemnified in any way for this liability, and we think this was sufficient in point of interest to exclude him. 1 Phil. Ev. Cowen's ed. 61; 2 ditto 137; 3 do. 1563, *et seq.*

We proceed to consider the propriety of admitting Fox as a witness, upon other grounds. The rule which excludes a party to a suit from testifying under all circumstances is one of policy, and has undergone occasional relaxation. See 3 Phil. 135, 136. How far that relaxation is proper, we shall not now inquire; but shall confine ourselves to the objection growing out of his being a party to the instrument. He was a joint maker of the note, and was permitted to testify in behalf of another maker, without a release. A joint debtor not sued is often received as a witness. When called by the plaintiff he is competent, because his interest is adverse to the plaintiff, 2 Phil. 81, 82, unless he is called to prove a joint liability. When called by the defendant and released or otherwise discharged of his interest, he is equally competent. 3 Phil. 1520, 1521. Some cases hold that he is competent without a release, as being interested against the defendant, or as having an interest either way; but a majority of the cases hold that he is not competent without a release, because he is interested to defeat the recovery, and thus save his liability to contribute for the costs of the suit in which he is a witness, as well as

for the debt. 3 Phil. 1521; 8 Vermont Reports, 401. We believe that the release is necessary.

In this case, moreover, where the witness was an original party to the suit, had full notice of it, and an opportunity to defend it, the record would be evidence against him, in an action for contribution, if the verdict had been for the plaintiff. 2 Stark. Ev. 195. He would thus be brought under the operation of the rule, "that a witness is not competent, if the verdict can be used in evidence against him, in case the party for whom he is called should fail in the action." 1 Phil. 55. The judgment must therefore be reversed for the admission of an incompetent witness.

In the various instructions asked for on both sides, there seems to be but a single point, which it is necessary for this court to notice. Was it incumbent on the plaintiff or the defendant to account for the alteration of the note. Whether the alteration was made before or after its execution and delivery, is a question of fact, to be determined by the jury, by all the testimony taken together. In the absence of evidence which will satisfy their minds, certain legal presumptions may be called in to their aid. The general presumption is in favor of the fairness of all transactions, and against the imputation of fraud. But negotiable paper seems to form an exception to this rule, and if the instrument appear upon its face to have been altered, it is for the holder to prove, and not for the defendant to disprove, that it was altered under circumstances which will make it still available. Chitty on Bills, 212; Henman *v.* Dickinson, 5 Bing. 184; 15 Com. Law Rep. 409.

Judgment reversed.