Chief Justice Watkins delivered the opinion of the Court. This was an action of trespass for assault and battery, brought by the appellee against the appellants and Robert Parker and William Parker. The trespass was alleged to have been the joint act of the defendants. At the return term, the plaintiff discontinued as to William Parker, not served with process'. The appellants filed their plea of not guilty, and Robert Parker, in person, appears by the statement in the record to have filed his separate plea of not guilty; and, for the consideration of this case, we may intend that such plea was filed, though not shown upon the transcript. The plaintiff1, according to the statement of the record entry, joined issue to the plea of the appellants, and they were put upon their trial: the jury returned a verdict of guilty, and assessed the plaintiff’s damages to $50. The appellants moved in arrest of judgment, because the plaintiff had refused to notice or take issue to the separate plea of Robei’t Parker, which thereby stood confessed, and that such refusal on the part of the plaintiff was a discontinuance as to them. This motion being overruled, they appealed, and present the same question for our consideration. The counsel for the appellants, conceding that the plaintiff might, at any stage of the case, have discontinued as to one or more of the defendants, insists that if the final judgment fails to dispose of the whole case, leaving it pending against a- part of the defendants, the judgment will be held erroneous. In indictments, the object of the law is punishment; and whether the defendants plead jointly or severally, they may, under our statute, sever on the trial; and, if tried together, the jury should sever them in the assessment of the fine or punishment, because there may be, among the defendants, different degrees of guilt, and the law will not tolerate that one shall suffer criminally for the guilt of another. See Jones vs. The Commonwealth, 1 Call 556. In civil suits for trespass, the object is compensation to the party enjoined. Where the trespass is joint, the plaintiff can have but one satisfaction for the injury. In contemplation of law, all the trespassers are equally liable for such damage as the plaintiff has sustained, and though the plaintiff may sue all, or as many of them either jointly or severally, as he may elect, there can be no apportionment of the damages among them, according as each may have participated in a greater or less degree in the commission of the injury; nor does the law recognize any contribution among tort-feasors. Each defendant is guilty or not guilty of the whole trespass, and whether the defendant be sued jointly or severally, it is the duty of the jury to award damages against all or each found guilty for the whole injury which the plaintiff has sustained by the trespass complained of. In the civil action., the defendants sued jointly, though they sever in their pleadings, have no right to be tried separately. If one make default, another rest on his demurrer overruled to the declaration, and a third go to trial and is found guilty, the trial, as to him, should be an assessment of damages as to the others, for which the plaintiff will have judgment against them all jointly, or against those in default, if the defendant pleading be acquitted. If the jury, in a joint action, shall return several damages against each defendant, the plaintiff may have a venire de novo, or he may elect de melioribus damnis, and have judgment accordingly against one, and nol. pros, as to the others, or, according to the authority of the case of Halsey vs. Woodruff, 9 Pick. 555, though this may be doubted, the plaintiff may enter a remitter as to the lesses damages, and take' judgment against all the defendants jointly for the greater damages assessed against one. This practice is also sustained by the case of Dougherty vs. Dorsey, 4 Bibb 208. Where the plaintiff brings several actions, he can have costs against each found guilty, but he can have only one satisfaction or compensation for the injury, and he may elect as to which defendant he will pursue to obtain satisfaction. But if he sue out execution against one defendant, it will be deemed an election of the judgment against him de melioribus damnis. The mere judgment against one sued severally, is no bar in favor of another subsequently sued for the same trespass; but as there can be but one satisfaction, an accord executed with one, or a release to one, is a satisfaction or release as to all, and may be pleaded as such; and it seems that if the plaintiff sue out execution on a judgment against one, it will be deemed a satisfaction or an election by the plaintiff to pursue that judgment for his satisfaction, and is a bar to a recovery against any other of the joint trespassers, and in all cases a satisfaction by one is a satisfaction as to all. These general rules are believed to be fully sustained by the better authority, though in the application of them in practice, difficult questions may sometimes arise. See Layman et al. vs. Hendrix, 1 Ala. 213. Ammonct vs. Harris & Turpin, 1 Hen. & Man. Ruble vs. Turner et al., 2 Hen. & Mun. 39. Wilkes vs. Jackson, Ib. 355. Livingston vs. Bishop, 1 John. Rep. 290. In all of which, numerous earlier authorities are cited. It follows, from the nature of this action, that the appellants had no interest whatever in the defence of Robert Parker, nor any right to avail themselves of it. it was immaterial to them whether he was sued, or dismissed from the suit, or tried, and, if tried, whether he was acquitted or found guilty; in any event, they and each of them were liable for the whole injury which the plaintiff had sustained. The only interest which they could have in the joinder or non-joinder of Parker, would be the right to avail themselves of his testimony. Whether he was sued separately, or was a party to this record, would not probably affect his competency. In either case, if there was evidence showing him to have participated in the trespass, he would be interested and incompetent, and, on a joint trial, in the absence of such proof, he would be admitted as a competent witness. Without some good reason, the appellants cannot object that their co-defendant, who pleaded, was not disposed of on the record. The failure of the plaintiff to take issue to the plea of Parker, and proceeding to trial against the appellants, must be considered as an election to discontinue the action as to Parker, and such discontinuance, if formally entered, would not have operated so as to be any discontinuance as to the others. In Bell vs. North, 4 Littell 134, where the jury found two defendants guilty of the whole trespass, but found several damages, and the plaintiff took judgment against one defendant for the greater damages without entering a nol. pros, as to the other, or in any manner disposing of the verdict against him, the court, reversing the judgment upon another ground, remarked that this course was not strictly correct. In that case, if necessary to affirm the judgment, and no other error appeared, the court would doubtless have presumed the nol. pros, to have been entered. In this case, we incline to the opinion, from the authorities cited, that the election of the plaintiff to proceed to trial against the appellants was not only a discontinuance as to Parker; but that his taking judgment against them without any order for suspension of execution, until he could have judgment against the others, was a waiver of his right to proceed further against Parker; and, if so, he could plead such judgment in favor of any future action against him for the same trespass. Although Parker had no judgment for his costs, as would have been regular, such cost were not adjudged, and cannot be taxed against the appellants. Wherefore, seeing no error, the judgment of the circuit court must be affirmed.