## GATES v. NASH et als.

A defendant who has not been served with process is not a competent witness for his co-defendants in an action of trespass.

Where there was evidence before the jury, connecting such defendant with the trespass, Held that a motion by the other defendants to strike his name from the record, was properly overruled.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

Action of trespass, and application for a perpetual injunction. The jury found a verdict for the plaintiff and assessed the damages at one dollar. The Court rendered judgment for plaintiff, and granted a perpetual injunction. The defendants moved for a new trial, which was overruled, and defendants appealed. Two exceptions were taken by the defendants on trial. The first was to an order excluding the testimony of C. Nash, named in the record as defendant, but who had not been served with process, by whom the defendants offered to prove certain facts material to the defence, and also that three months before the commencement of this action he, Nash, had sold out all interest in the disputed premises, and had no present interest therein.

The second was to an order overruling a motion of defendants to strike the name of C. Nash from the record as a party defendant, on the ground that he had no interest with defendants, had not been summoned, and had not been connected with the case by plaintiffs' testimony. The motion to dismiss as to Nash was not made, until after defendants had introduced other witnesses to prove the same facts offered to be proved by him touching the issue, and the statement as settled by the Judge of the District Court, shows that the testimony had identified Nash as one of those interested in defendants' claim.

*Stephen J. Field* for Appellants.

1. The Court below erred in refusing to permit C. Nash to be sworn and examined as a witness on behalf of defendants.

C. Nash is named as a defendant in the complaint, but was not served with summons, and did not appear in the action by answer or otherwise; and the question is, whether in an *action of trespass* the simple fact that a person is named in the complaint as a party defendant, without service or appearance in the action, is sufficient to exclude him from being a witness. The authorities are clear that this fact is not

sufficient to exclude him.    Stockham v. Jones, 10 Johns., 22; Wakely v. Hart, 6 Binney, 316.

In this last case cited, the defendants were all arrested, but the plaintiff joined issue with some of them only; he did not rule the others to plead, nor take judgment against them by default; and they were held competent witnesses for the other defendants.

The judge who delivered the opinion says: "It was in the power of the plaintiff to have conducted his cause so as to exclude the testimony of Fries and Wenn, (the co-defendants.) He might have laid them under a rule to plead, and taken judgment by default, and then they would have been interested in the verdict, because the same jury who tried the issue against the other defendants would have assessed joint damages against all."    Page 319.

In the cases of Purviance v. Dryden, 3 Sergt. & Rawle, 403, and in Gibbs v. Bryant, 1 Pickering, 118, which were actions upon contract, it was held that where process was not served upon *one* of the persons named as defendants, with others, he was not *incompetent* as a witness on the *ground that he was a party to the suit.*    If this is the doctrine in actions upon contract, much more reason is there for it in actions of trespass.

Were not the rule as contended for by the appellants, it is easy to see what gross abuses would follow.    Parties might be, and often would be, entirely deprived of all evidence, however meritorious their defence, by the plaintiff's simply inserting in his complaint, as parties, the names of the defendant's witnesses.

2. The Court erred in refusing to strike the name of C. Nash from the record as a defendant, and allowing him to be sworn as a witness.

It does not follow that if Nash was interested in the defendants' claims that he was liable in any way as a co-trespasser with the other defendants; and, even if he had been a co-trespasser, he was not liable to contribution on account of damages that might be rendered, and was therefore a competent witness.    8 Johns. R., 418; 2 ibid., 365; 10 ibid., 22.

*Francis J. Dunn* for Respondent.

1. The writ of injunction is a preventive, and not a remedial writ, and the complaint, testimony, and verdict of the jury, shows that it was correctly made perpetual.    Preventive and not remedial is its province.    Introduction to Eden on Injunctions, Vol. 1, pages 1 and 2, 9 and 10, and notes.

2. Nash was a party defendant; was not, it is true, served with process, yet he never answered or disclaimed, and there was proof connecting him with the trespass sued for in the case, and when plaintiffs had concluded their case, defendants did not move for a non-suit as to Nash, in order that they might make a witness of him, but at a subsequent time offered him even while a party, as a witness: there could be no error in the Court rejecting him.    1 Greenleaf's Evidence, §§ 329, 330, 347, 348, and notes 1, 349, 350, 353; §§ 357, 358, 359; Benja-

min v. Coventry, 19 Wendell, 353 ; Smyth v. Struder, 4 Howard U. S. Rep., 404 ; Smith v. Moore, 3 Scam. R., 462 ; Gillett v. Sweet, 1 Gilman, 474 ; Frazier v. Laughlin, 1 Gilman, 347 ; Clark v. Malony, 3 Harrington, 65, 151 ; Gilman, 401 ; 8 Waltz & Lewis, 71 ; 7 Mil., 361.

Courts of error frequently correct the inferior Courts when they set aside the verdict of a jury, and award a new trial, but seldom do so when a new trial is refused by the inferior Court. It has been so often ruled on this subject by this Court, that it is only necessary for me to add, that the testimony was conflicting, and the jury alone had the right to settle it, for which they could see causes which this Court cannot see. I refer to Graham on New Trials, pages 378, 379, 380, 381, 382, § 383, and cases there cited. Jourdan v. Reynolds & Co., Jan. T., 1856, C. Rep.; Barnard v. Raglan et al., ibid.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice TERRY concurred.

This was an action of trespass quare clausum fregit, as well as an application to the equity side of the Court for a perpetual injunction.

On the trial of the cause the defendants offered to call as a witness, one C. Nash, who was one of the defendants, though not served with process ; to which the plaintiff objected, and the objection was sustained by the Court ; this ruling is now assigned as error.

It is a familiar rule of the common law, that a party to the record cannot be called as a witness, except in chancery proceedings, and in actions of tort, in which the Court may direct one of the defendants, against whom there is no evidence, to be discharged, and permit him to be sworn as a witness. It is urged by the defendants that the mere fact of declaring against a party, is not sufficient to make him a defendant, and that he should be brought in by service before he is disqualified ; that the defendant, Nash, was not interested in the result of the issue between the plaintiff and defendants then before the Court, and not liable for contribution for costs and damages recovered.

In support of this proposition, several authorities have been cited by the appellant, which are directly in point. The first is the case of Stockham v. Jones (10 Johnson, 51), which was an action of trespass ; where two of the defendants not taken, were permitted to be sworn as witnesses for their co-defendants. In deciding this case, however, the Court say, that the true test of a witness, as established by their former decisions, is his interest ; and inasmuch as these defendants would not be liable for contribution, they were competent. The next case is that of Wakely v. Hort, 6 Binney, 316, the facts of which are very similar to the case in 10 John., and which is decided on the authority of that case.

In opposition to these authorities, we have the universal rule of the common law, as well as the decisions of almost every State in the Union. See Doughty v. Dorsey, 4 Bibb, 207 ; Brown v. Howard, 14 John., 119 ; Bates v. Conkling, 10 Wendell, 309 ; Anderson, for

Smith's use, *v.* The Administrator of John Brady, 2 Yerger, 297; Higdon's Heirs *v.* Higdon's Devisees, 7 J. J. Marshall, 52; Fear *v.* Everstone, 20 Johns., 142; Bridges *et al. v.* Armour *et al.*, 5 How. U. S. Reports, 95; and Wolf *v.* Frink, 1 Barr's Pen., 439, in which this doctrine is thoroughly discussed. From an examination of these authorities, it will be perceived that the decision in 10 Johnson, and 6 Binney, have been disregarded by the Courts of New York and Pennsylvania in subsequent adjudications, and that the reason of excluding a party to the record, is not on account of interest, but on high grounds of public policy, and to prevent the too frequent temptations to perjury, which otherwise would be offered. In the case in 1 Barr., page 441, the Court held that a party "should not be allowed to qualify himself as a witness, by avoiding the service of the writ;" the Court further adds, that great mischief had arisen by allowing plaintiffs to become witnesses, which had become so intolerable that they were compelled to retrace their steps. In conclusion, the learned Judge remarks, "that it is better that a just cause should occasionally be lost, than that a temptation should be offered to perjury."

In addition to what has been said upon the authorities, we are of opinion that the question is settled by the first subdivision of the three hundred and ninety-second section of the Practice Act, which expressly excludes a party to the record from testifying.

The motion to dismiss, or strike Nash from the record, was properly overruled, as there was evidence before the jury connecting him with the trespass. The instructions of the Court were substantially correct.

Judgment affirmed with costs.